No. 476

First Circuit

—

## HOGGATT v. LAMPTON

—

(June 10, 1929. Opinion and Decree.)

—

Ott and Johnson, of Franklinton, attorneys for plaintiff, appellee.

Harry Sellers and Edward Rightor, of New Orleans, attorneys for defendant, appellant.

LECHE, J. The present demand is for damages arising out of an automobile collision.

Plaintiff's son was driving an automobile on a public highway, going away from

Franklinton, in the Parish of Washington, and defendant was driving on the same highway towards Franklinton. The two cars were a little over a mile from that town when they collided. It was then about dusk or getting dark. Neither automobile had on its headlights. It was on the 9th of September, when the sun sets about 6:20 o'clock.

The law, Act 232, page 390 of 1926, requires that headlights should be put in operation one-half hour after sunset. But it is impossible from the vagueness of the testimony, to say whether the time fixed by law when headlights must be used, had yet arrived, so that we cannot say with certainty whether or not both parties were negligent in that respect.

Plaintiff's automobile was struck on the left side about the rear end of the left front fender or about the left front door, and defendant's automobile was struck about the left end of his bumper, or near the left head lamp. This shows rather conclusively that defendant ran his car into that of plaintiff. Plaintiff's car is claimed by the son to have been near his right side of the road and was toppled over into the ditch, that of defendant was by the glancing blow, swerved in its movement, towards the ditch on defendant's right side of the road where it stopped with one wheel in the ditch. Plaintiff's son testified that when he saw defendant's car it was coming on the wrong side of the road, that he steered to the right and attempted to get on the incline towards the ditch to avoid being struck by a head-on or front end collision, but that defendant got on him just as he was on the brink of the ditch and capsized him into the ditch. The positions of the two cars after the collision, seem to corroborate the testimony of plaintiff's son. Plaintiff's ver-

sion as to the manner in which the collision took place was accepted by the trial judge and we believe his finding is borne out by all the surrounding circumstances, notwithstanding the conflict in the testimony.

Plaintiff was awarded two hundred dollars for the injury to his son, for his son's benefit, and a further sum of two hundred and twenty dollars for injury to his automobile, altogether $420. We believe this estimate is conservative and fair.

The judgment appealed from is therefore affirmed.